IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RENEE R. BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08cv697 (JCC) |
| | ) |
| GARY LOCKE, SECRETARY, | ) |
| U.S. DEPT. OF COMMERCE, | ) |
| | ) |
| Defendant. | ) |

### M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Plaintiff's Motion for an Extension of Time to file a supplemental response to the Court's Show Cause Order and her Request for Court-Appointed Counsel.[1] For the reasons stated below, the Court will deny the motion to appoint counsel and grant the motion for an extension of time.

### I. Background

This case is one of several employment discrimination cases that Plaintiff Renee Berry ("Berry") filed in 2008 against the Government. Last year, the Court dismissed her employment discrimination claim in *Berry v. Gutierrez*, 587 F. Supp. 2d 717 (E.D. Va. 2008). That case is currently on appeal before the

---

[1] This case was originally captioned as "Berry v. Carlos M. Gutierrez, Secretary, U.S. Department of Commerce." Mr. Gutierrez is no longer Secretary of the Department of Commerce. As of March 24, 2009, the new Commerce Secretary – and the proper nominal defendant here – is Gary Locke. *See* Notice of April 2, 2009; Fed. R. Civ. P. 25(d).

1

Fourth Circuit (Case No. 09-1084). Berry also prosecuted claims in the Federal Circuit, *Berry v. Merit Systems Protection Board*, 2009 WL 89668 (Fed. Cir. Jan. 15, 2009), and the U.S. Court of Federal Claims, *Berry v. United States*, Civil Action No. 08-330-C.

The complaint filed in this case (the "Complaint") alleges that the United States Patent and Trademark Office (the "USPTO") discriminated against Berry when it assigned her cases "outside her area of expertise while [Berry was] on the Partial Signatory Program." Compl. at ¶ 9. She appears to be challenging an adverse EEOC determination and asks the Court to order the Equal Opportunity Employment Commission (the "EEOC") to re-open the hearing process in one of the actions she filed with that agency. Compl. at 4.

Berry, proceeding *in forma pauperis*, submitted the Complaint on July 7, 2008. After the Government filed a Notice of Related Case stating that the instant case is related to Berry's other 2008 filing, *Berry v. Gutierrez*, 587 F. Supp. 2d 717 (E.D. Va. 2008), the case was transferred to this Court. On March 6, the Court issued an order (the "Show Cause Order") requiring Berry to show cause why her case should not be dismissed for failure to serve the Government within 120 days of the filing of the Complaint. Berry then moved unsuccessfully for a default judgment. *See* Magis. Order of March 17, 2009.

2

On March 20, 2009, in response to the Show Cause Order, Berry submitted a filing that asked the Court to enter a default judgment in her favor (the "Response"). The Response, like Berry's earlier motion for a default judgment, claimed that the U.S. Marshal had already served the Government. On March 23, Berry filed the two motions that are now before the Court: a motion for court-appointed counsel ("Motion for Counsel") and a motion for an extension of time "to file a supplement response [sic] to show cause order" ("Motion for Extension"). The motions were noticed for a hearing on Friday, April 10. The Government opposed the Motion for Counsel on April 1 and the Motion for Extension on April 2. These motions are before the Court.

## II. Standard of Review

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Khozam v. LSAA, Inc.*, Slip Copy, 2007 WL 2932817 (W.D.N.C. 2007). "However inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, 1999 WL 717280 at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains

potentially cognizable claims, a plaintiff should be allowed to particularize these claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

The Court notes, however, that Berry claims to have graduated from law school. *See* Gov't Resp., Ex. 2 at 12 (deposition in EEOC Case No. 570-2008-00493X, *Renee R. Berry v. Carlos v. Gutierrez*). While the standard under which the Court treats the instant motions is irrelevant to the rulings explained below, the Court will henceforth hold Berry's pleadings and briefs to the same standard that it would if she were represented by counsel.

### III. Analysis

A. Motion for Appointed Counsel

The Court will appoint counsel to a civil party only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975). One circumstance in which courts should appoint counsel occurs when it is obvious that a *pro se* litigant has a colorable claim but lacks the capacity to present it. *Waller v. Butkovich*, 584 F. Supp. 909, 947 (M.D.N.C. 1984). The existence of exceptional circumstances turns "on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d

4

160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

Berry states in her one-page motion that she wants the Court to appoint counsel because she "is not a licensed attorney and lacks the requisite skill in Federal Civil Procedure and the substantive law to respond fully to the order." Pl.'s Mot. at 1.

In a previous employment discrimination case against the USPTO litigated in this Court, Berry's request for appointed counsel was denied. *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). The Court will deny her request for counsel in this case as well. First, and most importantly, the Government submitted deposition testimony in which Berry states that she has graduated law school and is "a lawyer," although she has not passed the bar exam. Gov't Resp., Ex. 2 at 12 (deposition in EEOC Case No. 570-2008-00493X, *Renee R. Berry v. Carlos v. Gutierrez*). Additionally, Berry testified that she has been employed by the DOJ as an EEO complaint investigator. *See id.* at 5-7. Of the many *pro se* civil litigants who are potentially deserving of representation because they are not competent to pursue their claims in court, those with formal legal training fall at the bottom of the list.

Moreover, it is clear that Berry has the capacity to present her claims. She has prosecuted them with tenacity in this Court, in various administrative fora, and in several appellate courts. Plaintiff's educational background, legal training, and demonstrated ability to assert and defend claims in federal court clearly show that she has the capacity to present her claims. No exceptional circumstances exist. Indeed, if "exceptional circumstances" warranted the appointment of an attorney in this *pro se* plaintiff's case, almost every *pro se* plaintiff would have a colorable claim to the services of a court-appointed attorney. The Court will deny Berry's request for appointed counsel.

B. <u>Motion for Extension of Time</u>

Berry states that she "is in need of more time to file additional information in response to the Show Cause Order." Pl.'s Mot. at 1. Under the Local Rules of this Court and Federal Rule of Civil Procedure 6(d), however, Berry has had ample time to reply to the Government's memorandum supporting dismissal pursuant to the Show Cause Order, which was mailed to her on March 31, 2009. *See* Local Rule 7(f) ("the moving party may file a rebuttal brief within three (3) days after service of the opposing party's reply brief."); Fed. R. Civ. P. 6(d). The Local Rules also counsel that requests for extensions of time relating

6

to motions "must be in writing and, in general, will be looked upon with disfavor." Local Rule 7(I).

Here, Berry requested an extension of time to further show cause why her case should not be dismissed before her time to file a reply brief had run. In the circumstances of this case, the Court finds it appropriate to grant a short extension of time for Berry to file a reply memorandum in furtherance of her argument against dismissal. Should Berry raise new legal arguments or present new facts in her filing, however, the Court will entertain a motion by the Government to file a sur-reply.

### IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion for an Extension of Time and deny Plaintiff's Motion Requesting Appointment of Counsel. Berry will have until Friday, April 17 to file a reply memorandum. The Court will set a hearing date on the Show Cause Order for Friday, May 1, at 10:00 a.m.

An appropriate Order will issue.

April 9, 2009　　　　　　　　　　　　　　　/s/
Alexandria, Virginia　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE