Westlaw

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 2461799 (M.D.Pa.)
**(Cite as: 2007 WL 2461799 (M.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court,
M.D. Pennsylvania.
Bernice PORTIS, Plaintiff
v.
Pete GEREN, Acting Secretary of the Army, Defendant.
**Civil Action No. 1:06-CV-1510.**

Aug. 23, 2007.

### MEMORANDUM

YVETTE KANE, Chief Judge.

\*1 In this action, Plaintiff Bernice Portis has sued the Secretary of the Army, alleging that a seven-day suspension that was imposed upon her after she allegedly became intoxicated and abusive during an employment-related social function constituted racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Presently pending before the Court is Defendant's motion to revoke Plaintiff's authorization to proceed in this litigation *in forma pauperis* ("IFP") on the grounds that Plaintiff substantially misrepresented or otherwise concealed information related to her financial status in order to avoid paying the $350 filing fee and that her declaration of poverty was thus untrue. In support of the motion, Defendant attached a number of documents that throw into question Plaintiff's attestation that her monthly income is less than $1000 and that she was without other financial resources that would allow her to pay the $350 filing fee. The documents Defendant attached to his motion indicate that before and since the time she commenced this action, Plaintiff's annual salary has been approximately $33,000, which breaks down to a monthly salary of more than $2,700 before taxes. Moreover, Defendant notes that Plaintiff is married to an active-duty Staff Sergeant in the United States Army who qualifies for a salary of approximately $2,600 per month, and who receives additional untaxed allowances for housing and subsistence expenses. The Government further notes that Plaintiff is currently prosecuting an unrelated federal lawsuit in which she did not declare poverty but instead was able to pay the required filing fee.[FN1] Based on this information, Defendant asserts that Plaintiff has underreported her and her family's financial resources and should be deemed financially able to pay filing and other fees imposed by the Court in such civil actions. Accordingly, Defendant requests that the Court revoke Plaintiff's IFP status and require that she pay the $350 filing fee before proceeding further with this litigation.[FN2]

> FN1. In that action, captioned *Portis v. Riverhouse Associates, L.P.,* No. 4:CV-06-2123 (M.D.Pa.) (Jones, J.), Plaintiff and her husband affirmatively alleged that they each "had an established credit history and previously had financed the purchases of their houses, vehicles and other personal property during their marriage."(Compl.¶ 26.) In contrast to this allegation suggesting good credit history and ownership of assets, in her affidavit of poverty submitted in the case at bar, Plaintiff attested that the only asset she possesses is a 2002 Toyota Camry. Additionally, Plaintiff attested that she holds no checking or savings accounts.

> FN2. As will be explained below, 28 U.S.C. § 1915(e)(2)(A) provides specifically that in cases where a court finds that the plaintiff's allegation of poverty made in support of a motion to proceed IFP is untrue, the court must dismiss the action. *See* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof that may have been paid, *the court shall dismiss the case* at any time if the court determines that ... (A) the al-

Case 1:08-cv-00697-JCC-TRJ   Document 33-11   Filed 04/10/09   Page 2 of 4 PageID# 205

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2007 WL 2461799 (M.D.Pa.)
**(Cite as: 2007 WL 2461799 (M.D.Pa.))**

legation of poverty is untrue ....) (emphasis added). Accordingly, notwithstanding the fact that Defendant has requested only that Plaintiff be required to pay the filing fee before proceeding, the governing statute mandates that a different sanction be imposed if the allegation of poverty is found to be untrue.

Plaintiff filed a substantially untimely opposition to Defendant's motion by way of a letter and assorted documents. (Doc. No. 15.) Although Plaintiff asserted in this letter Court that she was unaware of her obligation to file a response until she contacted the Clerk of Court, it is not disputed that on August 4, 2006, the Court issued a Standard Practice Order that set forth each party's obligation to respond to a briefed motion within 15 days after service of the opponent's brief. (Doc. No. 4, at 2.) Aside from this procedural error, the documents Plaintiff submitted in relation to Defendant's motion were entirely unresponsive to the question of whether she misrepresented her financial status to this Court in an effort to avoid paying the required filing fee and whether she in fact qualifies to proceed IFP. Instead, the documents submitted related solely to the claims alleged in the complaint.

**\*2** Defendant filed a timely reply, maintaining that Plaintiff's annual salary of approximately $33,000, possession of an automobile that may be worth several thousand dollars, and marriage to an active-duty member of the United States Army who also draws a salary of approximately $33,000 per year and who receives supplemental benefits to offset the cost of housing and subsistence expenses in an amount of more than $1,300 per month, militates against a finding of poverty.

On July 17, 2007, this Court directed that Plaintiff file a response to Defendant's showing, specifically addressing the alleged misrepresentations, or otherwise show cause why the motion should not be granted as unopposed. Plaintiff responded to this order on July 24, 2007. The Court additionally granted Defendants leave to supplement the record to include portions of Plaintiff's sworn deposition taken on June 26, 2007, during which she provided information that conflicted directly and materially with representations set forth in her affidavit of poverty.

Upon consideration, the Court finds that Plaintiff materially misrepresented her financial condition at the time she filed this litigation and sought IFP status and her declaration of poverty was untrue. As explained below, the action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A).

**II. DISCUSSION**

Section 1915(a) (1) of the Title 28 of the United States Code provides that a court may, in its discretion, authorize a person to commence and prosecute a civil action without payment of fees if the party submits an affidavit containing a statement of the party's assets and demonstrating that the party is unable to pay required fees. 28 U.S.C. § 1915(a)(1). The statute also directs that courts impose a specific sanction in cases where a plaintiff falsely declares poverty:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case* at any time if the court determines that-
>
> (A) the allegation of poverty is untrue ....

28 U.S.C. § 1915(e)(2)(A) (emphasis added). Courts have held that if the affiant's assertion of poverty is untrue, the mandatory language of 28 U.S.C. § 1915(e)(2)(A) requires that the court dismiss the suit. *Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir.2002).[FN3]

> FN3. The Court notes that in cases where a plaintiff has been found to have knowingly or intentionally made false statements in an affidavit supporting an application to proceed *in forma pauperis,* courts may dismiss the action with prejudice. *See, e.g.,*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

*Thomas,* 288 F.3d at 306; *Mathis v. New York Life Ins. Co.,* 133 F.3d 546, 547-48 (7th Cir.1997) (per curiam); *Attwood v. Singletary,* 105 F.3d 610, 612-13 (11th Cir.1998) (per curiam); *Romesburg v. Trickey,* 908 F.2d 258, 260 (8th Cir.1990); *Thompson v. Carlson,* 705 F.2d 868 (6th Cir.1983) (per curiam).*But cf. Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir.2000) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A) must be based on whether allegation of poverty is true, and not on whether affiant misstated her assets in her affidavit, so long as misstatements were made in good faith).

In this case, Defendant has produced documents showing that Plaintiff earns an annual salary of approximately $33,000, which produces monthly income substantially in excess of the $972 per month Plaintiff claimed in her affidavit of poverty.FN4 Plaintiff has in no way explained how her stated monthly income is accurate in light of her $33,000 annual salary. Furthermore, in her affidavit of poverty, Plaintiff attested that she alone was responsible for 100% of her minor son's financial needs, (Doc. No. 3, at ¶ 5), yet during her deposition Plaintiff testified that she had resumed living with her husband in February, 2006-six months before filing this suit-and that she and her husband assume joint responsibility for their son's needs when the family is living together (Doc. No. 20-2, Portis Dep. at 10-11).FN5

> FN4. During her deposition, Plaintiff confirmed that she currently earns "a little more than 33 [thousand dollars] a year."(Doc. No. 20-2, Portis Dep. at 11.)

> FN5. Plaintiff also testified that at the time of the alleged events that gave rise to this action, her son was living with her husband who provided 100% of their son's support. Plaintiff testified that her son never lived with her during the time she lived in the Harrisburg area and she did not pay any financial support for him. (Doc. No. 20-2, Portis Dep. at 32.) Indeed, Plaintiff confirmed that at the time she filed this lawsuit she was not paying any support for her son. (*Id.* at 30.)

*3 Plaintiff has failed to address these misrepresentations in any meaningful or compelling way. Instead, she has blamed her alleged credit difficulties on Defendant's brief suspension of her employment, and she argues that because she alone brought this lawsuit, her husband's finances or resources should not be taken into account in assessing her own ability to pay the $350 filing fee. Even assuming that some of Plaintiff's alleged credit difficulty can be fairly attributed to her suspension-an alleged fact that is entirely absent from her original declaration of poverty-this would not explain the wide discrepancy between her claimed monthly income and her undisputed salary. Nor has Plaintiff explained her apparently false statement that at the time she sought IFP status she bore sole responsibility for 100% of her son's expenses-something she subsequently swore under oath was not true because at that time she and her husband were living together and sharing responsibility for their son's support.FN6 It also appears undisputed that prior to and since the filing of this lawsuit and her motion to proceed IFP, Plaintiff has been living with her husband and their housing is entirely subsidized as a benefit of his employment with the military, therefore casting further doubt upon Plaintiff's allegation that she lacks the resources to finance this litigation.FN7

> FN6. Although the Court does not rely on it in determining whether Plaintiff's affidavit of poverty was untrue, the Court notes that during her deposition Plaintiff initially testified that she was still making payments on her 2002 Toyota Camry at the time she filed this lawsuit, but later testified that she had in fact paid off her car loan in March 2006-approximately five months before this action commenced.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 2461799 (M.D.Pa.)
**(Cite as: 2007 WL 2461799 (M.D.Pa.))**

FN7. Plaintiff confirmed under oath that since she resumed living with her husband at Fort Drum in February, 2006, they have been living rent-free. (Doc. No. 20-2, Portis Dep. at 11-12.)

Upon consideration of the Defendant's motion and supporting materials, together with Plaintiff's response, the Court finds that Plaintiff's declaration of poverty submitted in support of her motion to proceed IFP was untrue and this matter must be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(A).

### III. CONCLUSION

The Court finds that Plaintiff made material misstatements and misrepresentations in her original affidavit of poverty and that she has failed to provide a substantial and compelling justification for the misstatements. The Court thus concludes that Plaintiff's affidavit of poverty was not truthful. In light of the mandatory language set forth in 28 U.S.C. § 1915(e)(2)(A), the Court finds that this action must be dismissed. An appropriate order follows.

### *ORDER*

**AND NOW,** this 23rd day of August, 2007, upon consideration of Defendant's motion to revoke Plaintiff's IFP status; and the motion having been fully briefed; and Plaintiff having been granted two opportunities to respond to Defendant's allegations and evidence regarding the misstatements and misrepresentations contained in her original affidavit of poverty; and Plaintiff having failed to provide meaningful and compelling explanations regarding her underreported monthly income and her misstatements regarding her financial obligations; and the Court having concluded that Plaintiff's affidavit of poverty was untrue; and 28 U.S.C. § 1915(e)(2)(A) mandating that the Court dismiss an action upon finding that a party's declaration of poverty was untrue; **IT IS HEREBY ORDERED THAT** Defendant's motion is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(A). The Clerk of Court shall close the file.

M.D.Pa.,2007.
Portis v. Geren
Not Reported in F.Supp.2d, 2007 WL 2461799 (M.D.Pa.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.