Westlaw.

Slip Copy
Slip Copy, 2008 WL 2662974 (E.D.Va.)
**(Cite as: 2008 WL 2662974 (E.D.Va.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court, E.D. Virginia, Alexandria Division.
Kenneth A. HINTON, Plaintiff,
v.
Doug HEARNS, et al., Defendants.
**No. 1:08cv608 (JCC/JFA).**

July 2, 2008.

Kenneth A. Hinton, Arlington, VA, pro se.

*MEMORANDUM OPINION AND ORDER*

JAMES C. **CACHERIS**, District Judge.

**\*1** Kenneth A. Hinton, a Virginia inmate [FN1] proceeding *pro se,* has filed a civil rights action, pursuant to 42 U.S.C. § 1983 against Arlington, Virginia police officers Doug Hearns, Douglas Scott and David Stancil, Commonwealth's Attorney Richard E. Trodden, and the Arlington County Police Department. Plaintiff has also filed a request to proceed in *forma pauperis.* After reviewing plaintiff's complaint, plaintiff's claims under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Civil Rights Act of 1964 and 42 U.S.C. § 1983 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, [FN2] and plaintiff's remaining Virginia tort claims will be dismissed without prejudice for lack of jurisdiction.

> FN1. According to the complaint, plaintiff is currently confined at the Arlington County "Detention Facility." Compl. 2, line II A. However, the Court notes that the mailing address that plaintiff lists is not the mailing address that corresponds with the Arlington County Jail. Accordingly, and in an abundance of caution, the Court screens the instant complaint pursuant to both 28 U.S.C. § 1915A and 28 U.S.C. § 1915.

> FN2. Section 1915A provides:
>
> **(a) Screening.**-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> Section 1915(e)(2)(B)(i)-(ii) provides that "[n]otwithstanding [the payment of any filing fee ... the court shall dismiss [a complaint] at any time if the court determines that ... the action ... is frivolous [,] malicious [or] fails to state a claim on which relief may be granted."

**I.**

According to the complaint, on January 18, 2006, Arlington County, Virginia police officer Doug Hearns filed six criminal warrants charging plaintiff with the commission of various felonies. On or about December 13, 2006, plaintiff was arrested and detained pursuant to those warrants. On January 16, 2007, an entry of nolle prosequi was entered in General District Court for the County of Arlington as to all of the charges. Petitioner alleges that

on or about February 8, 2007, he filed a petition seeking expungement of the "nolle pros warrants," but that on or about April 11, 2007, several days before plaintiff was to receive a hearing on his petition, defendant Hearns re-filed three of the six charges against him. Plaintiff was re-arrested and processed for detention pursuant to those re-filed charges on or about April 30, 2008. On or about May 30, 2008, the General District Court ordered plaintiff discharged and all charges against him dismissed. At all times relevant to these events, defendant Douglas Scott was the Chief of the Arlington County Police Department, and it appears that defendant Richard E. Trodden was the Commonwealth's Attorney for Arlington County. Liberally construed, plaintiff claims that these events violate his rights under: 1) the Americans with Disabilities Act of 1990, 2) the Rehabilitation Act of 1973, 3) the Civil Rights Act of 1964, 4) the Constitution of the United States, and 5) the laws of the Commonwealth of Virginia.

## II.

In reviewing a complaint pursuant to § 1915A and § 1915, a court must dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Sumner v. Tucker,* 9 F.Supp.2d 641, 642 (E.D.Va.1998). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must presume that all factual allegations in the complaint are true and must accord all reasonable inferences to the non-moving party. 2A *Moore's Federal Practice* ¶ 12.07[2.5] (2d ed.1994); *see also Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir.1978). The court will not accept as true, however, "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Nor will the court develop tangential claims where the essence of the complaint concerns another issue. *Beaudett v. Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must state enough facts "to state a claim for relief that is *plausible* on its face. [Where a] plaintiff[ ] [fails to nudge her] claims across the line from conceivable to *plausible,* [the] complaint must be dismissed." *Bell Atlantic v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974 (2007) (emphasis added).

## III.

A. *Claims Under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973*

**\*2** Liberally construed, plaintiff appears to claim that his rights to be free from discrimination under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132,[FN3] and under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794,[FN4] were violated by the events described in the complaint. Section 504 of the Rehabilitation Act prohibits discrimination on account of disability by programs receiving federal financial assistance, and, generally speaking, the ADA and the Rehabilitation Act impose similar standards. To state a claim for a violation of Title II of the ADA, plaintiff must allege facts sufficient to show that he is (1) a "qualified individual" with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. *See Does 1-5 v. Chandler,* 83 F.3d 1150, 1154-55 (9th Cir.1996); *Doe v. Pfrommer,* 148 F.3d 73, 83 (2d Cir.1998). Likewise, under section 504 of the Rehabilitation Act, plaintiff must allege facts sufficient to show that (1) he is an individual with a disability; (2) he is "otherwise qualified" to received the benefit at issue; (3) that he was denied the benefits of the program at issue solely by reason of his disability; and (4) the program receives federal financial assistance. *See Doherty v. Southern*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

*College of Optometry,* 862 F.2d 570, 573 (6th Cir.1988); *Bonner v. Lewis,* 857 F.2d 562-63 (9th Cir.1988). Plaintiff fails to state a claim under either Title II of the ADA or section 504 of the Rehabilitation Act because the complaint contains no facts to suggest that plaintiff is an individual who is disabled or an otherwise qualified individual with a disability. Additionally, there is simply nothing in the complaint to suggest that the events plaintiff describes-his original charges, arrest and detention, the refiling of charges and subsequent arrest-or any other actions taken by defendants were taken by reason of plaintiff's disability. Therefore, plaintiff's claims under these provisions will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915( e)(2)(B)(ii) for failure to state a claim.

> FN3.Section 12132 provides that, "[s]ubject to provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

> FN4. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."29 U.S.C. § 794(a).

B. *Claims Under the Civil Rights Act of 1964*

Next, and again, liberally construed, plaintiff asserts that his rights under the Civil Rights Act of 1964 ("CRA") have been violated. Plaintiff does not specify the Title of the CRA under which he brings his claims, and after review of the complaint, the Court concludes that the only title under which plaintiff's allegations could possibly be construed to support a claim is Title II, which creates a private cause of action for discrimination based on race in places of public accommodation. *See*42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion or national origin."). Places of "public accommodation" include: (1) hotels and other business providing lodging to "transient guests," *id.* § 2000a(b)(1); (2) restaurants and other facilities "principally engaged in selling food for consumption on the premises,"*id.* § 2000a(b)(2); (3) "place[s] of exhibition or entertainment,"*id.* § 2000a(b)(3); and (4) establishments that are, *inter alia,* within a covered establishment, *id.* § 2000a(b)(4).*See Penny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 431 (4th Cir.2006). Plaintiff's claim under Title II fails, however, because there is nothing in the complaint to suggest that plaintiff suffered any discrimination "on the ground of" his race, color, religion or national origin. Moreover, plaintiff has failed to allege any facts to suggest that any of the named defendants violated plaintiff's right to be free from discrimination in a place of public accommodation. As such, this claim must be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

C. *Claims for Constitutional Violations Under 42 U.S.C. § 1983*

**\*3** To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them.

The complaint names five defendants: 1) Arlington

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

County detective David Stancil; 2) the Arlington County Police Department; 3) Commonwealth's Attorney Richard E. Trodden; 4) Arlington County police officer Doug Hearns; and 5) Chief of Police for Arlington County Douglas Scott. However, other than listing David Stancil as a defendant in this case, plaintiff simply makes no further mention in the body of the complaint of *any* acts or omissions attributable to defendant Stancil. Further, there is simply no allegation that defendant Stancil was personally involved in any deprivation of constitutional rights to which plaintiff may have been subjected. Accordingly, plaintiff claim against defendant Stancil for constitutional violations will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

As to defendant Arlington County Police Department, to establish § 1983 liability against a governmental entity, plaintiff must show that the constitutional injury alleged resulted from an official "policy or custom" of that entity. *Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658, 691 (1978). Municipalities cannot be held liable under a theory of *respondeat superior* for constitutional violations of their employees acting within the scope of their employment. *Spell v. McDanlie,* 824 F.2d 1380, 1385 (4th Cir.1987). Plaintiff must therefore allege facts sufficient to show three elements: (1) the existence of an official policy or custom (2) that is fairly attributable to the municipality (3) that proximately caused the underlying constitutional violation. *Jordan ex rel. Jordan v. Jackson,* 15 F.3d 333, 338 (4th Cir.1994). Plaintiff's claim against the police department fails, however, because he has not identified any municipal policy or custom that caused his alleged constitutional injuries.[FN5] As such, his claims against this defendant will also be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

> FN5. Moreover, to the extent that plaintiff is suing any of the remaining individual defendants in their official capacities, such efforts also fail because plaintiff fails to identify a policy or custom attributable to Arlington County that caused his injuries.

Plaintiff's claims against defendant Trodden fail as well. Trodden, as a individual, has absolute immunity for his decisions regarding prosecutorial functions, including initiation of prosecution and presentation of the Commonwealth's case, which includes preparing and filing charging documents. *See Imbler v. Pachtman,* 424 U.S. 409 (1976); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Ostrzenski v. Seigel,* 177 F.3d 245 (4th Cir.1999). Trodden's decisions to initiate prosecutions against plaintiff and to file and then re-file the felony charges against him in general district court are decisions clearly taken in the exercise of prosecutorial functions. Accordingly, such actions, even if malicious, will not support a claim for liability against Trodden under § 1983. Therefore, it will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

**\*4** The complaint also makes reference to "selective prosecutions." Although the defendant or defendants against whom this charge is lodged are not entirely clear, the allegations in the complaint fail to state a claim for selective prosecution. To be successful in that effort, plaintiff must allege that: (1) a governmental agent or body intentionally accorded the plaintiff different treatment than it accorded other, similarly situated persons under the same law; (2) either the plaintiff is a member of a suspect class or the government's treatment of the plaintiff was entirely arbitrary, irrational, and unrelated to any government interest; and (3) the plaintiff suffered an injury that was caused by the discriminatory treatment. *McWaters v. Rick,* 195 F.Supp.2d 781, 790-91 (E.D.Va.2002); *see also Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) ("cases have also recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

difference in treatment."). Plaintiff fails to state a claim for selective prosecution against any defendant, however, because he neither alleges, nor do the facts in the complaint plausibly suggest, that plaintiff has been treated differently than others similarly situated. As such, this § 1983 claim will be dismissed 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

Next, there is defendant Doug Hearns. Affording plaintiff's claims against Hearns a highly generous construction, it appears that plaintiff is claiming that Hearns should be held liable in this § 1983 proceeding because he made sworn statements accusing plaintiff of committing six, then later, three, felonies under Virginia law. Plaintiff asserts that he is innocent of all charges, which were all eventually dismissed. The mere existence, however, of falsified police statements is not by itself violative of plaintiff's federal rights. *See Landrigan v. City of Warwick,* 628 F.2d 736, 744-45 (1st Cir.1980); *White v. Tamlyn,* 961 F.Supp. 1047, 1056-57 (E.D.Mich.1997). Such reports are only actionable under § 1983 if the reports result in the deprivation of life, liberty or property. Here, however, as in *Landrigan,* "the [likely] focus on plaintiff's complaint is the allegedly false charge[s] pending against him-the police [statements] are relevant to the extent they resulted in that charge." *Landrigan,* 628 F.2d at 745. The instant complaint is simply silent on the degree to which the alleged false reports alone resulted in damages to the plaintiff that are cognizable under § 1983. As such, this claim will be dismissed 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

Finally, as to defendant Douglas Scott, plaintiff repeatedly claims that Scott had supervisory authority in this case and appears to claim that Scott should be held liable for any constitutional injuries inflicted upon plaintiff by Scott's subordinates. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. *See Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citing *Slakan v.. Porter,* 737 F.2d 368 (4th Cir.1984)). This liability, however, is not premised on *respondeat superior,* but upon a "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* at 798 (quoting *Slakan,* 737 F.2d at 372-73)."[L]iability ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifferent permitted the constitutional abuses to continue unchecked.' " *Id.* (quoting *Slakan,* 737 F.2d at 376). In order to establish supervisory liability under § 1983, there are three necessary elements:

**\*5** (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799 (citations omitted). Plaintiff's allegations fail to meet these elements. While it is unclear from the complaint whether Scott had supervisory authority over any of the other named defendants, to the extent that he had such authority, Scott is not liable in this case as plaintiff has failed to allege facts sufficient to show that any of Scott's subordinates violated plaintiff's constitutional rights. Moreover, there is simply nothing in the complaint linking defendant Scott to any constitutional violations, much less any "affirmative causal link" of the kind necessary to state a claim for supervisory liability. Accordingly, the claims against Scott will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915( e)(2)(B)(ii).

D. *Claims Under Virginia Law*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Finally, plaintiff raises a panoply of claims under Virginia state law. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction. As the Supreme Court has recognized, when federal claims drop out of a case, the district court may retain a pendent state law claim, dismiss it, or remand the claim to state court, if it was removed. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988). As the Court has dismissed all claims over which it has federal jurisdiction, thus leaving only pendent state law claims, these claims will be dismissed without prejudice for lack of jurisdiction. Nonetheless, plaintiff is free to pursue his claims in the appropriate state court, and nothing in this dismissal is intended to prejudice plaintiff's ability to seek legal recourse in the appropriate state forum.

Accordingly, it is hereby

ORDERED that plaintiff's claims under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Civil Rights Act of 1964 and 42 U.S.C. § 1983 be and are DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) and **28 U.S.C. § 1915(e)(2)(B)(ii)**; and it is further

ORDERED that plaintiff's state law claims be and are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and it is further

ORDERED that plaintiff's request to proceed *in forma pauperis* (Docket # 2) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. *See*Fed. R.App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

**\*6** The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

E.D.Va.,2008.
Hinton v. Hearns
Slip Copy, 2008 WL 2662974 (E.D.Va.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.